IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHELBY DEAN SKAGGS,

      Plaintiff,

v.                                        Case No. 2:14-cv-13318

JAY HOKE, JACKIE STEVENS,
T.M. DAVITA, VICTOR NAVY,
TRUDY GIESEY and BRIAN O'NEIL,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 26, 2014, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). This matter is assigned to the Honorable Thomas E. Johnson, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff seeks to proceed *in forma pauperis*, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A. This screening is done prior to consideration of an Application to Proceed without Prepayment of Fees and Costs, and notwithstanding the payment of any filing fee. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

* * *

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

Because the plaintiff's Complaint fails to state a claim upon which relief can be granted, the defendants have not been served with process and should not be required to appear or defend this matter.

### **THE PLAINTIFF'S ALLEGATIONS**

The plaintiff's Complaint addresses several issues concerning his conviction in April 2012 in the Circuit Court of Lincoln County on sexual abuse charges. Specifically, the plaintiff alleges that, during jury deliberations, Judge Jay Hoke failed to permit the jury to see a letter concerning a prior hospital visit by the victim approximately two weeks before her examination on May 21, 2012. The plaintiff asserts that this letter indicated that the doctor who examined the victim at that time "gave the victim a clear disclosure of sexual assault." (ECF No. 2 at 5). The plaintiff's Complaint further states "The judge knew about this visit before he sentenced me. Instead of calling a mistrial the judge went ahead and sentenced me." (*Id.*)

The Complaint further alleges that the prosecutor, Jackie Stevens, Trooper T.M. Davita, and the parents of the alleged victim were also aware of the victim's prior hospital visit and failed to say anything about it during trial. (*Id.* at 6). The Complaint further appears to contain allegations of ineffective assistance of counsel by the plaintiff's court-appointed counsel, Victor Navy, including the failure to seek a working copy of a video of

the victim's forensic examination and the failure to question witnesses as requested by the plaintiff. The plaintiff further alleges that Mr. Navy and Judge Hoke failed to properly advise him of his potential sentence, and that, almost two years after his sentencing hearing, he had not received a final sentencing order from which he could file an appeal. (*Id.* at 6-7). The plaintiff seeks release from confinement, removal of the criminal charges from his record and various monetary damages.[1] (*Id.* at 8).

On September 14, 2015, the plaintiff filed additional documentation in support of his Complaint in which he alleges that, subsequent to his criminal trial, he has learned that, during opening statements, his court-appointed counsel stated that he could not see. The plaintiff further asserts that this statement was made in front of the judge, the prosecutor and Trooper Davita, none of whom "spoke up," and that the trial continued despite his counsel's alleged disability. The plaintiff alleges that this "new evidence" supports his claims for relief. (ECF No. 4).

## ANALYSIS

There are several reasons that the plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted, each of which will be addressed herein.

    **A.    The plaintiff's claims and his request for release from confinement must be addressed in a petition for a writ of habeas corpus and the plaintiff has not exhausted available state court remedies.**

The plaintiff's claims concerning evidence presented or withheld during his trial, his assertions concerning the conduct of his counsel, the prosecutor and his court-

---

[1] The plaintiff also seeks the removal of the state court judge from the bench and the disbarment of the lawyers involved in his criminal proceedings. However, this federal court has no authority to grant such relief.

4

appointed counsel during his criminal proceedings, and his requests to be released from confinement and to have the charges removed from his record amount to requests to grant habeas corpus relief, and necessarily call into question the validity of the plaintiff's conviction. Although the plaintiff's direct appeal has concluded,[2] the plaintiff has not exhausted his available state court habeas corpus remedies; thus, this court cannot presently grant such relief. *See* 28 U.S.C. § 2254(b)(1)(A). The plaintiff must first present these claims to the state courts.

### B. The plaintiff's damages claims are presently barred.

In *Heck v. Humphrey*, 512 U.S. 477, 786-87 (1994), the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff suing under 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under section 1983.

In the instant case, the plaintiff seeks monetary damages resulting from alleged improprieties during his criminal prosecution, which he claims resulted in his unlawful conviction and confinement in prison. However, he has not demonstrated that his

---

[2] On May 23, 2016, the Supreme Court of Appeals of West Virginia (the "SCAWV") issued a Memorandum Decision affirming the Circuit Court's April 11, 2014 sentencing order. *State v. Shelby S.*, No. 14-0456, 2016 WL 2978567 (W. Va. May 23, 2016). According to the Memorandum Decision, on direct appeal, the plaintiff challenged the Circuit Court's denial of his motion to dismiss the indictment, the alleged failure to disclose exculpatory evidence, cumulative error and ineffective assistance of counsel. The undersigned notes that the SCAWV declined to address the ineffective assistance of counsel claims on direct appeal, and further found that the cumulative error claim was insufficiently developed on appeal.

criminal proceedings have been invalidated. Therefore, because the plaintiff's Complaint seeks damages in a section 1983 suit and, because it appears that his allegations bear on the validity of his criminal proceedings, he may not seek damages under section 1983 unless and until he can show that his conviction and sentence have been invalidated. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint for monetary damages against the defendants is barred under *Heck v. Humphrey.*

### C. Judge Hoke is absolutely immune from liability on the plaintiff's claims against him.

The plaintiff has named the Honorable Jay Hoke, Judge of the Circuit Court of Lincoln County, as a defendant. Concerning the allegations contained in the Complaint, Judge Hoke was a judicial officer who was engaged in his official judicial duties in connection with the plaintiff's case. It is firmly settled that judges are immune from liability for damages for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The *Pierson* Court further found that:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation.
>
> We do not believe that this settled principle of law was abolished by § 1983, which makes liable "every person" who under color of law deprives another person of his civil rights. The legislative record gives no clear indication that Congress meant to abolish wholesale all common-law immunities.

*Id.* Due to the clear and unequivocal application of absolute judicial immunity, the plaintiff's claims against Judge Hoke should be dismissed with prejudice.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint against defendant Hoke is barred by absolute judicial immunity and, thus, fails to state a claim upon which relief can be granted against him.

> D. **Prosecuting Attorney Stevens is also absolutely immune from liability with respect to the plaintiff's claims against him.**

The plaintiff has also named Lincoln County Prosecuting Attorney Jackie Stevens as a defendant herein. However, a prosecutor is a "quasi-judicial" officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. In *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), the Supreme Court reviewed its rulings in cases addressing absolute and qualified immunity of public officials as follows:

> In *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976), we held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. * * * We concluded that the common-law rule of immunity for prosecutors was "well settled" and that "the same considerations of public policy that underlie the common-law rule likewise countenance absolute immunity under § 1983." *Id.* at 424, 96 S. Ct., at 992. Those considerations supported a rule of absolute immunity for conduct of prosecutors that was "intimately associated with the judicial phase of the criminal process." *Id.,* at 430, 96 S. Ct., at 995. * * *
>
> We applied the *Imbler* analysis two Terms ago in *Burns v. Reed,* 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed.2d 547 (1991). There the § 1983 suit challenged two acts by a prosecutor: (1) giving legal advice to the police on the propriety of hypnotizing a suspect and on whether probable cause existed to arrest that suspect, and (2) participating in a probable-cause hearing. We held that only the latter was entitled to absolute immunity. Immunity for that action under § 1983 accorded with the common-law absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings. *Id.*, at 489, 111 S. Ct. at 1941-42; *id.*, at 501, 111 S. Ct. at 1947.

7

509 U.S. at 269-70. "[T]he *Imbler* approach focuses on the conduct for which immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id.,* at 271-72.

To the extent that the plaintiff's Complaint contains specific allegations against Mr. Stevens, it would appear that the actions taken by Stevens with respect to the plaintiff were discretionary decisions related to the prosecution of the plaintiff's criminal case, for which actions defendant Stevens is absolutely immune, under the holding of *Imbler*. These actions were "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that defendant Stevens is absolutely immune from suit on the plaintiff's claim for damages and, thus, the Complaint fails to state a claim upon which relief may be granted against him.

### E. Defendants Navy, Giesey and O'Brien are not state actors under section 1983.

The plaintiff has also named his court-appointed counsel, Victor Navy, as a defendant herein. Generally, a public defender or other court-appointed attorney in a state criminal prosecution is not considered to be acting "under color of state law" and, thus, is not amenable to suit under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980). However, in *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), the Supreme Court held that, an otherwise private person acts "under color of state law" when engaged in a conspiracy with state officials to deprive another of federal rights. In *Tower v. Glover*, 467 U.S. 914, 916 (1984), the Court extended the holding in *Sparks* to the circumstances of a public defender's representation of a criminal defendant, and held that "public defenders are not immune from liability in

8

actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive a § 1983 plaintiff of federal constitutional rights."

The plaintiff's allegations against the defendants, and Mr. Navy, in particular, do not rise to the level of a conspiracy. Rather, his allegations against Mr. Navy amount to no more than potential claims of ineffective assistance of counsel, which, as noted above, must be addressed through a writ of habeas corpus. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against defendant Navy.

Likewise, defendants Giesey and O'Brien, who are the parents of the alleged victim in the plaintiff's criminal case, are not state actors and the allegations against them do not rise to a level of a civil conspiracy that would bring them within the purview of section 1983. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint also fails to state a claim upon which relief can be granted against defendants Giesey and O'Brien.

### F. The Complaint fails to state any plausible claim for relief.

As noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff's Complaint contains no specific allegations of any violations of his Constitutional or other rights under federal law. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's

Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief in this court.

## RECOMMENDATION

The Complaint states no more than conclusory allegations that cannot withstand scrutiny under *Twombly* and *Iqbal, supra*, and asserts claims against defendants who have absolute immunity or claims that are not cognizable under section 1983. Furthermore, as noted above, the plaintiff is not entitled to pursue a claim for damages under section 1983, unless and until his criminal proceedings have been reversed or otherwise called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B) and 1915A, and **DENY** the plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1), with a waiver of the applicable filing fee.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnson, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

October 13, 2016

Dwane L. Tinsley
United States Magistrate Judge