IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHELBY DEAN SKAGGS,

        Plaintiff,

v.                                     CIVIL ACTION NO.   2:14-cv-13318

JAY HOKE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Shelby Dean Skaggs's Application to Proceed Without Prepayment of Fees (ECF No. 1), Complaint (ECF No. 2), and Motion to Stay Pending Outcome of State Habeas Proceedings (ECF No. 12). By Standing Order entered February 7, 2014, and filed in this case on March 27, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation (PF&R). Magistrate Judge Tinsley filed his PF&R (ECF No. 9) on October 13, 2016, recommending that this Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and **DISMISS** Plaintiff's Complaint. Plaintiff filed his motion asking this Court to stay the case on December 23, 2016.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this

Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were initially due on October 31, 2016. On December 16, 2016, the Court granted Plaintiff's Motion for Extension of Time to File Objections, making objections due December 27, 2016. To date, no objections have been filed.

Plaintiff's Complaint seeks relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2254. To the extent Magistrate Judge Tinsley's PF&R addresses Plaintiff's habeas corpus claims under 28 U.S.C. § 2254, it recommends dismissal on the grounds that Plaintiff has not exhausted his state court remedies. Since a dismissal on these grounds does not reach the merits of Plaintiff's habeas claims, it will be without prejudice, and a subsequent petition will not be considered "second or successive" for the purposes of AEDPA. *See In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) ("[W]hen a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive."). Once Plaintiff has exhausted his state remedies, he will be free to re-file his habeas claims in this court.[1] Accordingly, Plaintiff's Motion to Stay Pending Outcome of State Habeas Proceedings (ECF No. 12) is **DENIED**.

---

[1] The Supreme Court of Appeals of West Virginia affirmed Plaintiff's conviction on May 23, 2016, and his 90-day period to seek a writ of certiorari expired on August 21, 2016. Sup. Ct. Rule 13. Plaintiff's one-year period to apply for a writ of habeas corpus in federal court began the following day, August 22, 2016. 28 U.S.C. § 2244(d)(1)(A). Plaintiff filed his state habeas action on October 27, 2016, tolling his one-year limitations period. 28 U.S.C. 2244(d)(2). Accordingly, after Plaintiff exhausts his state remedies, he will still have plenty of time to re-file his § 2254 petition in federal court.

2

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 9), **DENIES** the Application to Proceed Without Prepayment of Fees (ECF No. 1), **DISMISSES** the Complaint (ECF No. 2), and **DIRECTS** the Clerk to remove this case from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 30, 2017

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE